FEDERAL DISCOUNT CORPORATION v. ALEXANDER HARDWARE
CO.

(Division A. Oct. 22, 1923.)

[97 South. 579.   No. 23523.]

BILLS AND NOTES.  *Breach or fraud by original maker of contract on which trade acceptance based no defense against bona fide holder.*

Under Uniform Negotiable Instrument Act, chapter 244, Laws of 1916, an innocent holder, in due course, for value, before maturity, of a trade acceptance, cannot be defeated on the ground that the original payee breached his contract, or obtained it by deception, upon which the acceptance is based.

APPEAL from circuit court of Jasper county.

HON. W. L. CRANFORD, Special Judge.

Action by the Federal Discount Corporation against the Alexander Hardware Company. From a judgment for defendant, plaintiff appeals. Reversed and judgment rendered.

*W. S. Welch,* for appellant.

The accepted bills were due and payable at the Bay Springs Bank, Bay Springs, Mississippi, and the laws of Mississippi govern. The Uniform Negotiable Instruments Act was adopted in Mississippi in 1916, and constitutes chapter 244, Laws of 1916. As to holder in due course, delivery is presumed at law. See section 16 of the act. There is a presumption of consideration. See section 24 of the act. Absence or failure of consideration is not a matter of defense as against a holder in due course. See section 28 of the act. In the absence of a date of endorsement every negotiation is deemed *prima facie* to have been affected before maturity. See section 45 of the act.

The presumptions of law in favor of appellant were all supported by the testimony of the appellant, in response to the interrogatories of the defendants.

We respectfully submit that there is not a line, a word or a syllable of competent testimony of the defendants to contradict the presumptions of law, to say nothing of the sworn testimony of the plaintiff. For the plaintiff, the case is infinitely stronger than the case of *Despres, Bridges & Noel* v. *Hough Drug Co.,* 86 So. 359, where the court very properly held that in case of suit by holder of a note, such holder is deemed to be a purchaser for value before maturity, and that even knowledge that a post office inspector had conducted an investigation of the business of the payee with a view of making a fraud order against the payee's use of the mails was not sufficient to destroy the *bona fide* of the buyer of the note.

The theory of the appellees' counsel and of the trial judge in the court below, seems to have been that plaintiff was deprived of the presumptions of law in its favor and deprived of the value and effect of its testimony, because of a statement in a letter purported to have been written by a stranger to the transaction. The letter was admitted on the theory that it was an admission against interest. It does not purport to be an admission of appellant.

There is not a word of testimony that indicated in any way that J. P. Fitzgerald of the letter was the endorser. And for all this court knows, and for all the court below knew, the letter may be a rank forgery. There was no attempt to prove the signature or make any kind of compliance with any rule of evidence, if there is in fact any rule of evidence that will permit the introduction in evidence of what purports to be an unsworn statement of a stranger to the transaction. There is no excuse offered for not taking the testimony of J. P. Fitzgerald.

Furthermore, there is nothing in the letter inconsistent with the testimony of plaintiff.

There being no evidence to overcome or contradict the testimony of plaintiff, the peremptory instruction to plaintiff requested should have been given. And the plaintiff being entitled to this instruction should have judgment in this court.

*J. A. McFarland* and *Deavours & Hilbun,* for appellee.

Appellant claimed that it purchased the acceptances from Fitzgerald and Cone, Brokers, of St. Louis. It will be observed that the acceptances on which suit was brought were endorsed on the back thereof as follows : "The Chopin Company by D. C. Phillips, and Fitzgerald & Cone, and J. P. Fitzgerald and Robert F. Stone, Jr." And on May 8, 1920, appellee here, the Alexander Hardware Company, received a letter from J. P. Fitzgerald & Company, and J. P. Fitzgerald, the endorser of said acceptances, advising it that they were innocent purchasers of the trade acceptances in question. How, then, could the appellant have been an innocent purchaser thereof on the 4th day of March, 1920, when it is thus shown that these acceptances were owned by J. P. Fitzgerald and Company and J. P. Fitzgerald, on May 8, 1920, long after the maturity thereof? This letter conclusively shows, it seems to us, that if the appellant ever purchased these acceptances, it did so long after the maturity thereof. A significant fact, it seems to us, is that all these demands started with the stock phrase "we are innocent purchasers, etc." Why would a really innocent purchaser of paper, before there should be any refusal to pay, and before there should be any question raised, commence in the very outset to assert that he was an innocent purchaser of the paper in question?

Appellant claimed in its deposition that it was organized for the purpose of purchasing such paper as is involved in this suit. We were able to show by literature sent out by the appellant that the whole purpose of the corporation was at complete variance with what it claims in its deposition. This was such a contradiction, that it seems to us, that a jury would have the right to disregard altogether the testimony of appellant in its deposition. Appellant invokes in its behalf the presumption that it acquired the notes in question in good faith and without notice of any infirmity or defect. Such presumptions, however, will not avail appellant anything when they are

impeached by evidence showing that the papers had a fraudulent inception. When this was shown in the present case then the benefit of this so-called presumption ended. The true rule is stated in 3 R. C. L., section 240, page 1033, and cases cited thereunder.

See, also, 3 Ruling Case Law, section 245, page 1040. Under this rule this case was undoubtedly one for the jury. Of course there was a categorical denial of notice or knowledge, which could not be opposed by direct proof; but under the very reasonable and just rule set out above, the jury had a right to pass upon the credibility of the witnesses, their interest in the case, the reasonableness and unreasonableness of their statements, the manner of the transaction, its conformity to or departure from ordinary methods of business and of other facts and circumstances, although slight in themselves, yet when taken together gave character and color to the purchase under inquiry. In this case the jury did pass on these questions and rendered a verdict in favor of appellee. We submit that this verdict and the judgment thereunder comports with justice and good conscience and that the judgment of the lower court should therefore be affirmed.

*W. S. Welch,* in reply, for appellant.

My friends who appear for the appellee confuse my client, Federal Discount Corporation, with some one else. The appellant is a Delaware corporation. As to who the Chopin Company is, or may have been, we have no information from the record.

Counsel for appellee do not undertake to answer the argument made in the original brief for appellant and cite no authority except ruling case law. No theory of a law writer as to what the better rule is can prevail over a statute in force. Our Negotiable Instruments Act undertakes to avoid speculation as to what may be "a better rule" by crystalizing the law and leaving it beyond speculation. As I understand it, the Uniform Negotiable Instruments Act is simply declaratory of the law merchant as expounded by Lord Mansfield, and which has been in

264 FED. DISC. CORPORATION v. HDW. CO. [Sup. Ct.

force all of these years, except where abrogated by some statute such as we had in Mississippi before 1916.

If the case should be affirmed, the result would be that the defendants would pay nothing for the merchandise they received. Certainly the defendants owe somebody for the merchandise. They kept it; they never offered to return it.

There is something to be said in behalf of appellees. The member of the firm who was a witness testified with the utmost frankness, disclosing the fact that he had no defense to the suit and he did not, as sometimes happens in cases of this kind, deny his signature, and for that he is to be commended.

HOLDEN, J., delivered the opinion of the court.

The appellant, as the owner and innocent holder of several trade acceptances of the appellee hardware company amounting to about two hundred dollars brought this suit to recover the amount due thereon. The bills were drawn on appellees by the Chopin Company of St. Louis and were duly accepted by appellees and then assigned in due course to the appellant Federal Discount Corporation, who was a purchaser for value without notice, before maturity.

At the trial the appellee sought to defeat the suit on the ground of fraud and deception on the part of the Chopin Company in that the goods purchased were not what they had ordered, and that the contract entered into for the purchase of the goods was obtained by fraudulent representations.

The accepted bills were payable at Bay Springs Bank, Bay Springs, Miss., and the assignment and rights of the innocent holder are governed by the Uniform Negotiable Instrument Act of our state, chapter 244, Laws of 1916.

The testimony offered by the appellant, Federal Discount Corporation, proved conclusively that it was the innocent holder in due course and had no knowledge of any failure on the part of the Chopin Company with reference

to how the contract of sale of the goods was obtained or whether it was properly fulfilled.

The appellees, defendants below, over the objection of the appellant, offered in evidence an unidentified letter purporting to have been written by Fitzgerald & Co., strangers to the suit. This letter had reference to demanding the payment of the acceptances to Fitzgerald & Co. whose name appeared on the bills; but, as we see it, this was an immaterial matter, inadmissible, and did not prove the appellant was not the *bona-fide* holder in due course before maturity, when the suit was filed on the acceptances.

The appellees also introduced, over the objection of appellant, some kind of a circular, which was not properly identified, purporting to state the purposes and aims of the appellant corporation. But we are unable to see the substantial probative value or relevancy of this testimony. No other proof was offered by the appellees which went to show that the appellant was not an innocent holder for value, before maturity, of the acceptances upon which the suit is based.

In view of this state of the record, we fail to see upon what good ground the court submitted the case to the jury. There is no real conflict in the record, because the evidence offered by the appellees was not sufficient to even raise a reasonable inference that the appellant was not an innocent holder in due course.

Therefore, it is our opinion the peremptory instruction asked by the plaintiff below should have been granted by the court. It was, under the law and uncontroverted facts in the case, wholly immaterial whether the Chopin Company complied with its contract with the appellees. Hardships in such cases may arise; but the law must be followed. *Despres, Bridges & Noel* v. *Hough Drug Co.,* 123 Miss. 598, 86 So. 359.

The judgment of the lower court is reversed, and judgment entered here for appellant.

Reversed, and judgment here for appellant.

*Reversed.*